# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN McCUSICK, et al.,<br>Booking No. 21123390,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-02087-JAH-MSB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>[ECF No. 12] |

　　Plaintiff John McCusick, while detained at the San Diego County Sheriff's Department George Bailey Detention Facility ("GBDF"), and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California in September 2021. *See* ECF No. 1.

　　McCusick's complaint, filed together with Alexander Jacome, a prisoner at Wasco State Prison ("WSP"), and purportedly submitted on behalf of at least twenty other GBDF detainees whom McCusick identifies as "similarly situated," seeks to pursue criminal charges against the San Diego County Sheriff, the Sheriff's "Medical Provider," and other unidentified Sheriff's Department staff, for "playing Russian Roulette" with their lives and

treating them like "fish in a barrel" during the COVID-19 global pandemic. *See id.* at 3–4. McCusick seeks "criminal penalties and sanctions" based on this "dictatorship" and "Nazi Germany tactics" as well as $250,000,000 in damages. *Id.* at 6.

McCusick did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 12. Alexander Jacome, one of the purported co-plaintiffs named in McCusick's original complaint, has not sought leave to proceed IFP, although he has filed two amended complaints, and several subsequent requests on McCusick's behalf. *See* ECF Nos. 8, 9, 10, 11, 16.

On December 10, 2021, United States District Judge Edward M. Chen found McCusick's complaints involve acts and omissions alleged to have occurred at GBDF in San Diego, and noted that no Defendant was alleged to reside in the Northern District. Therefore, he transferred the case to the Southern District of California for lack of proper venue and in the interests of justice pursuant to 28 U.S.C. § 1391(b) and § 1406(a). *See* ECF No. 13 at 1. Judge Chen did not rule on McCusick's pending IFP motion or conduct any *sua sponte* screening of McCusick's pleadings pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A(b) before the transfer. *Id.*

I. **Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Under the Prison

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Litigation Reform Act ("PLRA"), if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated by statute to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Thus, the PLRA requires prisoners like McCusick who seek leave to proceed IFP to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the institution having custody of the prisoner is required to collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While McCusick filed a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) in the Northern District of California, he did not attach a certified copy of his GBDF inmate trust account statements for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without McCusick's certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1). Therefore, his Motion to Proceed IFP (ECF No. 12) must be **DENIED**.

## II.     Improper Co-Plaintiffs

As noted above, only Plaintiff McCusick signed the original complaint in this case, and only McCusick has sought leave to proceed IFP. *See* ECF No. 1, 12. McCusick's purported co-plaintiff, Alexander Jacome, subsequently submitted two amended complaints and several other miscellaneous motions and exhibits on behalf of McCusick from WSP where Jacome is incarcerated. *See* ECF Nos. 9–11, 16.

Federal Rule of Civil Procedure 11(a) requires "[e]very pleading" to be "signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Although parties may generally "plead and conduct their own cases," 28 U.S.C. § 1654, that privilege is "personal" to the party. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987). A non-attorney, thus, "has no authority to appear as an attorney for others." *Id.* (collecting cases); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (noting that "courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) ("[A] non-attorney may appear only in her own behalf."); S.D. Cal. CivLR 83.11a. ("Any person who is appearing propria persona, (without an attorney) (*i.e.* pro se) must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney.").

Here, Jacome has not sought leave to proceed IFP himself, and as pro se litigants, neither McCusick nor Jacome have the authority to represent each other or any other GBDF detainee claimed to be similarly situated. Multiple prisoner pro se plaintiffs cannot proceed IFP in the same action without running afoul of the PLRA. *See e.,g., Hubbard v. Haley*,

262 F.3d 1194, 1197–98 (11th Cir. 2001) (holding that 28 U.S.C. § 1915(b) does not permit multiple prisoner-plaintiffs to proceed IFP in one civil action). Many district courts in the Ninth Circuit have held the same. *See, e.g., Hegge v. Inslee*, No. C20-6170-BJR-MLP, 2021 WL 673503 (W.D. Wash. Feb. 22, 2021); *Hicks v. Pastor*, No. 3:19-CV-05674-RJB-DWC, 2019 WL 5698803 (W.D. Wash. Oct. 3, 2019), report and recommendation adopted sub nom. *Hicks v. Rembert*, No. C19-5674 RJB, 2019 WL 5693914 (W.D. Wash. Nov. 4, 2019), appeal dismissed sub nom. *Hicks v. Pastor*, No. 19-35957, 2019 WL 6880011 (9th Cir. Nov. 27, 2019); *Surrell v. Gilliard*, No. 2:19-CV-0261-EFB P, 2019 WL 916766 (E.D. Cal. Feb. 25, 2019); *Gann v. Neotti*, Civil No. 09-1703-MMA-NLS, 2009 WL 3461139 at *2 (S.D. Cal. Oct. 22, 2009). This Court finds the above authority persuasive. For the foregoing reasons, because only McCusick has sought leave to proceed IFP in *this* case, Jacome and all other GBDF detainees named as purported co-plaintiffs are hereby **DISMISSED** as parties without prejudice to filing their own separate Section 1983 actions, accompanied by either the $402 civil filing fee or properly supported motions to proceed IFP, should they wish to pursue their own individualized civil rights claims against the Defendants.[2]

### III.   Conclusion and Order

For the reasons discussed, the Court **DENIES** Plaintiff McCusick's Motion to Proceed IFP (ECF No. 12) without prejudice, **TERMINATES** Alexander Jacome and all other GBDF detainees McCusick named as co-plaintiffs, and **DISMISSES** this civil action without prejudice based on McCusick's failure to pay the filing fee required by 28 U.S.C. § 1914(a).

Should Plaintiff McCusick wish to proceed, he may within forty-five (45) days of

---

[2] Because Jacome is not a proper party, but has filed various documents on behalf of McCusick in this case, Jacome is hereby **ORDERED** not to file any further pleadings, motions, or requests on McCusick's behalf in this case. *See* S.D. Cal. CivLR 5.1.h ("Except as provided by the federal rules, or by leave of court, no document will be filed in any case by any person not a party thereto.").

this Order re-open this case by either: (1) paying the entire $402 statutory and administrative filing fee in one lump-sum, **or** (2) filing a renewed Motion to Proceed IFP, *which includes a prison certificate and/or a certified copy of his GBDF Inmate Trust Account Statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b). Should McCusick fail to do either of these things within 45 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without any further Order of the Court.[3]

**IT IS SO ORDERED**.

Dated: May 19, 2022

Hon. John A. Houston
United States District Judge

---

[3] McCusick is cautioned that if he chooses to re-open this case by either prepaying the full civil filing fee or filing a properly supported renewed Motion to Proceed IFP, his pleadings will be screened before service and will likely be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity."). This is in part because his suit seeks criminal penalties pursuant to Section 1983. *See* ECF No. 1 at 6. Criminal statutes do not give rise to civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A plaintiff has no right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Machin v. Costas*, No. CIV 09-444 IEG WVG, 2009 WL 3839325, at *10 (S.D. Cal. Nov. 16, 2009) ("[T]here is no question that Plaintiff has no private cause of action for violations of state criminal laws under [Section] 1983.").